## CATE v. GILMAN.

1. **Practice:** JUDGMENT: SUBMISSION OF CASE. An agreement that a case shall be heard in vacation, and fixing the limit of the time for taking testimony, does not constitute a submission of the case which will authorize the entry of judgment by the judge after the expiration of such time without the knowledge of one of the parties or his counsel, and while a portion of his evidence has not in fact been taken.

*Appeal from Hardin District Court.*

TUESDAY, OCTOBER 19.

ACTION upon a promissory note. The question presented pertains to the regularity of the proceedings by which the judgment was obtained. The action was pending in the District Court of Hardin county, but it was agreed between the parties that a hearing should be had in the case before the Hon. I. J. MITCHELL, judge of the District Court, at the office of the counsel for the plaintiff at Marshalltown, in Marshall county, and that judgment should be entered in vacation. Such hearing was commenced on the 15th day of April, 1878, and, not being completed, the further hearing was postponed to proceed at the same place on the evening of the 18th of April. Upon that evening the counsel for the parties appeared at the place appointed, but Judge MITCHELL was detained by the trial of a case in the District Court of Marshall county, and was unable to be present. The counsel for the parties separated without any further agreement or appointment as to the time or place for proceeding with the hearing. The next morning the counsel for the plaintiff, meeting Judge MITCHELL, and laboring under some misapprehension in regard to the determination of the counsel for the defendant, proposed to submit the case in the absence of the counsel for the defendant, and Judge MITCHELL, laboring under the same misapprehension, received the submission and pronounced judgment for the plaintiff, and thereupon the

Cate v. Gilman.

plaintiff's counsel drew a record entry of judgment, which was signed and sent to the clerk of the District Court of Hardin county, and entered of record.

The defendant filed a motion to set aside the judgment, supporting the same by affidavits. The parties appeared before Judge MITCHELL at Chambers and the plaintiff filed counter affidavits. The defendant thereupon made an application for a stay of execution upon the motion until a hearing could be had upon the motion in court. The judge refused to grant a stay except upon the defendant's giving security for the judgment, which the defendant declined to do, and afterward the judge overruled the motion, to which the defendant excepted. At the next term of court the defendant renewed his motion to set aside the judgment, and the court overruled the same, and the defendant excepted. He now appeals.

*Huff & Reed*, for appellant.

*Brown & Binford*, for appellee.

ADAMS, CH. J.—The appellee insists that he was not served with notice of the motion to set aside the judgment. But the bill of exceptions shows that he filed affidavits in resistance to the motion, and the record entry shows that he appeared at the hearing upon the same in court.

1. PRACTICE: judgment: submission of case.

The plaintiff filed an affidavit to the effect that the case was submitted before the 18th of April, and was held open merely to allow the defendant to introduce one more witness, and also to allow the plaintiff to introduce a witness in rebuttal if he should see fit.

The bill of exceptions does not show any such submission. Besides, a case cannot be submitted while the same is still open for the admission of evidence. The fact that it is agreed by counsel, or ordered by the court, that the evidence

shall be limited, does not constitute a submission of the case subject to the admission of the evidence. So long as the case is open for evidence, it is open for all proper applications and orders.

The affidavit filed by plaintiff shows that the defendant agreed that if the witness whom he desired to introduce upon the 18th of April should not then be present he would ask for no further postponement, and the affidavit shows that the witness was not present.

If such agreement were material, we could not regard it as properly proven. Code, § 213.

The case having been submitted without either having been called in court for that purpose, or so peremptorily ordered by the judge, at any fixed time and place, and without the knowledge or consent of either the defendant or his counsel, was, we think, improperly submitted, and the judgment, we think, should have been set aside.

REVERSED.